No. 23813.

James Moore *v.* The People of the State of Colorado.
(483 P.2d 1340)

Decided April 19, 1971.

WAYNE C. HODSON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THIS writ of error is brought by James Moore, hereinafter referred to as the defendant, from his conviction for first degree murder. In the early morning hours of January 12, 1968, the dead body of Fannie Irene Shirley was found slumped against the inner wall of the front porch of the building which served as her residence and as the office of a trailer court in the Colorado Springs area. She died of a gunshot wound in the abdomen. The defendant was identified by several witnesses as being near the scene of the crime around the time when it was committed.

At the scene of the crime was found a clip from a .25 Regarmi pistol. When defendant was arrested he had on his person such a pistol with the clip missing. A pawn shop owner testified that the defendant attempted to buy a clip for a Regarmi .25 caliber pistol a short time after the murder. The bullet which killed Mrs. Shirley

was identified as having come from the gun found on the defendant.

## I.

Defendant first argues that the evidence is insufficient to support a conviction as it is purely circumstantial, and does not exclude all reasonable hypotheses of innocence. We disagree.

We need cite no authority for the oft repeated maxim that in this state conviction of a crime may be based on circumstantial evidence. In the instant case, the evidence presented by the People is compelling that Mrs. Shirley's death resulted from the criminal agency of the defendant.

At the trial, defendant neither testified nor presented any form of defense, which, of course, was his right. He cannot now be heard to complain, however, that the jury chose to believe the uncontradicted evidence against him. *Garcia v. People* 172 Colo. 329, 473 P.2d 169; *Mathis v. People,* 167 Colo. 504, 448 P.2d 633. It is interesting to note that no motion for acquittal was made at the close of the People's case. Our review of the record indicates that the People's circumstantial case fully excluded all reasonable hypotheses of innocence.

## II.

Defendant's second argument is that his motion for a mistrial should have been granted when Senator Robert F. Kennedy was shot and died during the trial. The record reveals that the trial judge gave these motions serious consideration, and admonished the jury that they must pay strict attention to the facts of the case and not allow their feelings about the assassination to affect their judgment. It is axiomatic in Colorado that a motion for mistrial is made to the sound discretion of the trial court, not to be overturned without a showing of abuse. In light of the judge's careful consideration of the matter,

and admonition to the jury, we cannot say he abused his discretion.

A discussion of defendant's remaining allegations would have no precedential value. Suffice it to say we find no error regarding them.

The judgment of the trial court is affirmed.