## No. 24324

### Billy Gene Nunn v. The People of the State of Colorado
(493 P.2d 6)

Decided January 24, 1972.

Joseph G. Studholme, Stanley J. Walter, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, James W. Creamer, Jr., Special Assistant, David A. Sorenson, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Nunn was found guilty by a jury of burglary and theft. By writ of error, he urges reversal because allegedly the evidence was insufficient to sustain the conviction and because the court erred in giving an instruction on flight. Neither of these contentions are meritorious, and we therefore affirm the judgment of the trial court.

The evidence which the People introduced for the purpose of establishing the defendant's guilt is wholly circumstantial. During the nighttime, a police officer on routine patrol in a shopping center observed a car backed up to the curb in front of a men's clothing store. Upon approaching closer, the police officer noted that the glass had been broken out of the store door; that several men were carrying clothing from the store to the car; and that the back trunk of the car and its doors were open. The approaching police car was apparently observed by the culprits who jumped into the car which then sped away from the scene. A short distance away, the pursuing police officer was able to stop this car, at which time, three men jumped from it and fled. The police officer

observed that one of the men was wearing bright green trousers. A large number of men's suits and other clothing items were found in the 1958 Plymouth car. These suits and clothing items were identified as having been stolen from the men's clothing store which had been burglarized.

About one hour later, another police officer noticed two men walking across the parking lot of the shopping center. He stopped them and questioned them concerning their presence in the shopping center at that time of night. One of the men was wearing bright green trousers and the arm of his sweater was soaked with, what appeared to be, blood. Also, dark red spots were observed on his green trousers. These two men were arrested by the police officer. One of them was the defendant Nunn, the wearer of the bright green trousers. The police officer who gave chase to the burglars' car and observed the three men fleeing from it after it had been stopped, testified that the green pants which the defendant was wearing appeared to be the same trousers which were worn by one of the fleeing culprits. It was also testified that at the time of the defendant's arrest, he had a cut above his right elbow which was bleeding. Blood spots were found on the rear seat of the car and on some of the stolen suits.

I.

The foregoing is a summary of the circumstantial evidence which the People rely upon to uphold the jury's verdicts of guilty to burglary and theft. The defendant states that this circumstantial evidence is insufficient as a matter of law, and that the trial court therefore erred in denying his motion for acquittal.

Where circumstantial evidence alone is relied upon for conviction, Colorado has consistently adhered to the generally accepted rule of law that a conviction cannot be sustained if this evidence is consistent, upon any reasonable hypothesis, with the innocense of the accused. *Pieramico v. People,* 173 Colo. 276, 478 P.2d 304; *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406; *Maynes v. People,* 169 Colo. 186, 454 P.2d 797; and *Allison v. People,* 109 Colo. 295, 125 P.2d 146. *See also* C.J.S. *Criminal Law* § 907(c).

In *Cobianchi v. People,* 111 Colo. 298, 141 P.2d 688, it was held that a conviction cannot stand where the People's case was dependent solely upon circumstantial evidence which was consistent with guilt, but also was equally consistent with the innocence of the accused.

When the trial court denied the defendant's motion for acquittal, it, in effect, ruled that the circumstantial evidence presented by the People was entirely consistent with the defendant's guilt and that upon any reasonable hypothesis, this evidence was not also consistent with the defendant's innocence. On this premise, it was therefore solely the jury's function to determine whether all the evidence established the guilt of the defendant beyond a reasonable doubt. This conforms to our view of this evidence which amply supports the jury's verdicts.

In addition to the defendant's general insufficiency of evidence argument, he also asserts that the People's evidence failed to establish the essential element of specific intent beyond a reasonable doubt. The defendant's arguments in this regard are without merit as we shall now demonstrate.

The defendant testified that he was in the 1958 Plymouth during the progress of the burglary but was unaware of the happenings because he had been drinking heavily and was asleep in the back seat of this car, which he owned. He testified that he did hear the breaking of glass; that he remembers men's suits being thrown on top of him; and that he did run from the car when it was stopped by the police. In explanation, he testified that he ran from the car because he was on parole and did not want to be found in the company of the other occupants of the car. Therefore, argues the defendant, the evidence of his guilt is insufficient generally and in particular, it is insufficient because he was intoxicated at the time and was, therefore, incapable of formulating the required specific intent.

The defendant's arguments that the evidence is insufficient because it is as consistent with the defendant's innocence as it is with his guilt, are without validity. Here, the question of whether the defendant's explanation was to be believed was a

question of fact for the jury. Here, the jury found the defendant guilty and therefore, it obviously did not believe nor give any weight to the defendant's testimony regarding his intoxication and non-participation. That left on the scales the body of circumstantial evidence presented by the People. It being sufficient to convict upon the application of the circumstantial evidence rule, as heretofore described, the jury's verdict must be sustained.

## II.

The defendant's assignment of error pertaining to the trial court's failure to sustain his objection to giving the jury a flight instruction is also without merit.

We note that the record does not contain any of the trial court's instructions. We presume, therefore, that the flight instruction given by the trial court correctly and clearly stated the law and that defendant's objection therefore is that the evidence in this case does not support the giving of a flight instruction.

The evidence presented by the People, although entirely circumstantial, clearly justified and supported the giving of a flight instruction. In this case, as in any case, where there is evidence of flight as a deliberate attempt to avoid detection or arrest for a crime just committed, an instruction on flight is proper. *Wafer v. People,* 175 Colo. 332, 488 P.2d 73; *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.