## Scott v. People

### No. 24647

### Sammy T. Scott v. The People of the State of Colorado
(498 P.2d 940)

Decided July 3, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. MaManus, Jr., Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

The defendant, who is plaintiff in error here, was

convicted of second-degree burglary (1967 Perm. Supp., C.R.S. 1963, 40-3-5) upon circumstantial evidence. The defendant has presented two assignments of error: (1) that the evidence was insufficient to support the verdict; and (2) that it was error to allow a police officer to testify as to the description given to him of a car. We affirm.

The testimony was conflicting. We outline some of that presented by the People. The defendant resided across the street from and a short distance east of the burglarized building. On the night in question the defendant, accompanied by others, was driving around in a car and stopped in front of his house. He and another left the car and disappeared. A short time later the two returned, the other bearing a large chair wrapped in paper. This chair was the one taken in the burglary which occurred that night. The chair was placed on the roof of the vehicle and taken to the residence of a Mrs. Johnson, at which place the police officers later recovered it.

The burglarized premises were being watched by a security guard. He gave a police officer a description of an automobile. While the officer was still gathering information from the guard, a car matching this description passed by. Police officers pursued this vehicle, which was being driven by the defendant, and followed it until the defendant parked a few blocks away at a friend's home. Immediately upon parking, the defendant speedily departed from the car. The police officers arrested the remaining occupants of the car. When the police came to defendant's home to arrest him, he refused to come to the door and attempted to hide from them.

I.

The defendant has argued that the People did not meet the standard set forth in *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406 (1970):

"In order to convict one on circumstantial evidence alone, the facts and circumstances must be such as are inconsistent, upon any reasonable hypothesis, with the innocence of the defendant, and incapable of explanation upon any reasonable

hypothesis other than that of the guilt of the defendant." The evidence presented by the People met this standard. From the verdict of guilty, it is apparent that the jury did not believe the conflicting testimony presented by the defendant. *Maes v. People,* 169 Colo. 200, 454 P.2d 792 (1969); and *DeBaca v. People,* 160 Colo. 543, 418 P.2d 286 (1966).

II.

■ The police officer, who obtained the description of the automobile from the security guard, was permitted to relate this description at trial. The trial court ruled that this was a permissible extra-judicial identification. The Attorney General concedes that this was not an identification that qualifies as an admissible extra-judicial identification, and we agree. However, if any error was committed, it was harmless. Defendant's own testimony was that he was indeed driving the car at the time the chair was carried on top of the vehicle; that he did not learn until later that the package on the top of the car was a chair; and that he was not in any way involved in the matter. He identified the car himself, and any error committed by receiving the description of the security guard became harmless. *Walker v. People,* 175 Colo. 173, 489 P.2d 584 (1971). This was strengthened by other witnesses, including a defense witness, who testified that the defendant was driving the car.

The judgment is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE DAY and MR. JUSTICE ERICKSON concur.