No. 24762

**The People of the State of Colorado v. Paul Frank Calise**
(498 P.2d 1154)

Decided July 17, 1972.                    Rehearing denied August 8, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Richard O. Pittam, Gerash and Kaiser, Walter L. Gerash, H. D. Reed, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of grand theft of a large number of shirts from a store in Fort Collins. No one saw him take the shirts, but the evidence was such that the jury could find that a short time after the taking he was in possession of them. The following instruction on circumstantial evidence was given:

"What is meant by circumstantial evidence in criminal cases is

the proof of such facts or circumstances connected with or surrounding the commission of the crime charged, as tends to show the guilt or innocence of the party charged; and, if these facts and circumstances are sufficient to satisfy the jury of the guilt of the defendant beyond reasonable doubt, then such evidence is sufficient to authorize the jury in returning a verdict of guilty."

The jury was not advised that the circumstantial evidence must be consistent with the guilt of the defendant and inconsistent with any reasonable hypothesis of innocence.

I.

The Attorney General argues that the instruction is sufficient since it requires that the facts and circumstances be sufficient to satisfy the jury of guilt beyond a reasonable doubt. He cites *Smaldone v. People,* 103 Colo. 498,.88 P.2d 103 (1939) and *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). He also might have cited *Montez v. People,* 110 Colo. 208, 132 P.2d 970 (1943).

In contrast, we have stated recently and repeatedly that in a circumstantial evidence case the evidence must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Some examples are to be found in *Scott v. People,* 179 Colo. 126, 498 P.2d 940; *Nunn v. People,* 177 Colo. 87, 493 P.2d 6 (1972); and *Moore v. People,* 174 Colo. 286, 483 P.2d 1340 (1971). In these, and in a dozen other opinions of this court which we have read and in which the same statement is made, the court was not passing upon the sufficiency of an instruction, but rather upon sufficiency of the evidence. In *Scott* and *Moore* this latter advisement was not contained in the instructions, but in neither case were we called upon to pass upon the jury instructions. In *Nunn* the instructions were not made a part of the record and we do not know their contents.

If in ruling upon the sufficiency or insufficiency of evidence in circumstantial evidence cases judges must follow the rule that the evidence must be consistent with guilt and inconsistent with innocence, then it follows that the better practice is to so advise the jury. We hold, however, that

failure to follow the better practice has not constituted reversible error in cases tried prior to the announcement of this opinion. We follow *Holland, Montez* and *Smaldone,* and affirm the conviction here under consideration.

For some time a committee appointed by this court has been preparing proposed Uniform Criminal Instructions to be a corollary to the present Colorado Jury Instructions-Civil. The committee is submitting the following instruction and notes on direct and circumstantial evidence:

"There are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence — such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of facts or circumstances from which the existence or non-existence of other facts may reasonably be inferred.

"[Where a conviction is sought on circumstantial evidence alone, as in this case, the prosecution must not only show beyond a reasonable doubt that the alleged facts and circumstances are true, but the facts and circumstances must be such as are incompatible, upon any reasonable hypothesis, with the innocence of the defendant, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the defendant.]

Notes on Use

"Paragraph one should be given in those ordinary cases where both direct and circumstantial evidence have been introduced. Paragraph two is given only when the prosecution's case is based entirely upon circumstantial evidence. When paragraph two is given, it is given in addition to paragraph one . . . ."

Prospectively, we approve the suggested instruction and the quoted note on its use.

II.

The defendant did not testify, and defendant's counsel indicated in advance that the defendant would not take the stand. The only witness called by the defendant was a detective sergeant of the Fort Collins Police Department. While he was on the stand the following took place:

[Counsel for defendant]
"Q [W] as he [the defendant] married or unmarried?
"A He is married. I met his wife.
"Q And what about children?
"A He has one.
[Deputy district attorney]:
"Your Honor, again I would object. Mr. Calise is present. He could testify to this. I think it would be hearsay.
[The court]:
"The objection appears to be good.
[Counsel for defendant]:
"Your Honor, the defendant is here. But then I think he can state whether or not —
[The court]:
"It is not the best evidence."

■ This was error, but not reversible error. The objection was not good and the deputy district attorney, aided by the court, called oblique attention to the possible silence of the defendant. If the prosecutor had made direct reference to the defendant's silence, as in *Montoya v. People,* 169 Colo. 428, 457 P.2d 397 (1969), it would have been reversible error. Here the situation is comparable to that in *Johnson v. People,* 172 Colo. 406, 473 P.2d 974 (1970). The statement of the deputy district attorney was sufficiently veiled to be non-prejudicial.

### III.

■ The defendant has presented a number of other assignments of error. Either they are without merit or no contemporaneous objection was made concerning them. Those in the latter category are not serious enough for us to recognize in the absence of timely objection.

The judgment is affirmed.

MR. JUSTICE HODGES not participating.

MR. JUSTICE ERICKSON dissenting.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent as to Point II of the Opinion. When liberty is in issue and constitutional rights have been infringed, error must be harmless beyond a reasonable doubt

before it can be ignored. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065 (1967). The district attorney's comment that the defendant was present and could testify as to the age of his children and as to his marital status was a subtle attempt to direct attention to the defendant's election not to take the witness stand in his own defense and was a clear violation of the mandate in *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The court's ruling that the testimony elicited was not the best evidence was, of course, not the proper basis for the exclusion of the evidence which was sought from the witness, and it re-emphasized the defendant's failure to offer an explanation in his own defense. *Montoya v. People,* 169 Colo. 428, 457 P.2d 397 (1969). In my opinion, the error which occurred was of constitutional dimension and required reversal.