## No. 25249

## The People of the State of Colorado v. Daniel Lopez
(511 P.2d 889)

Decided July 2, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, Daniel Lopez, was tried and convicted of robbery and conspiracy to commit robbery, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-1 and C.R.S. 1963, 40-7-35, respectively.

At approximately 11:00 p.m. on the evening of February 19, 1970, two armed men entered Jim's Pizzeria, located at 4748 Tejon Street in Denver. One of the armed men proceeded to a table where four young men were eating dinner, and took money at gunpoint from three of them. Meanwhile, the second armed man forced Albert Tolve, a co-owner of the restaurant, to empty the cash register. After obtaining money from the cash register and several other patrons, the two men left the restaurant.

At trial Officer Kenneth D. Cliff of the Denver Police Department testified that upon his arrival at the Pizzeria he interviewed a total of seven witnesses, including the four young men eating dinner, and prepared an offense report containing a composite description of the two armed men. The only person to sign this offense report was Albert Tolve.

The People proceeded to call as witnesses two of the young men who had been robbed that evening, namely, Mike Gargaro and Steve Ans. Both witnesses identified the defendant as the armed man who had stolen their money at gunpoint. Both Gargaro and Ans were extensively cross-examined concerning the identification of the defendant, and a substantial part of this cross-examination was based upon discrepancies between the witnesses' in-court identification and the description contained in the police offense report. Later, the trial court denied the defendant's motion to have the entire offense report admitted into evidence.

The defense was alibi and both the defendant and his wife testified that defendant was at home on the evening of the robbery. The defense also called Harry Lamb, who was

another member of the foursome eating dinner at the Pizzeria that evening, and he testified that the defendant was not one of the robbers.

On appeal defendant maintains his conviction should be reversed on the following grounds: (1) the trial court erred in denying defendant's motion to admit People's Exhibit A, the police offense report, into evidence; and (2) the trial court erred in refusing to submit to the jury defendant's tendered instructions on circumstantial evidence and eyewitness identification testimony. We do not agree with defendant's contentions and affirm the judgment below.

I.

Under the circumstances of this case we consider the trial court's refusal of defendant's request to admit the *entire* offense report into evidence to have been proper. It was uncontested that the description contained in the offense report prepared by the police was derived from the composite statements of five witnesses besides Gargaro and Ans and thus was not a prior inconsistent statement of Gargaro and Ans so as to form a basis for impeachment of their testimony. Moreover, the trial court had no accurate and reliable means of determining which inconsistencies were prior statements of Gargaro and Ans and which represented statements by other witnesses.

In any event, the trial court allowed defense counsel to use the offense report to cross-examine both Gargaro and Ans. In the process of this cross-examination, both witnesses were required to explain to the jury all parts of the composite description which were inconsistent with their identification testimony. Thus, the defendant received the benefit of any impeachment effect which such discrepancies might cause even though many of the inconsistent details in the composite description may not have been properly attributable to prior identificatory statements made by either Gargaro or Ans.

II.

Defendant makes two arguments concerning the failure of the trial court to submit his tendered instructions to the jury.

First, defendant tendered an instruction on circumstantial evidence that was refused by the trial court. This Court has held that the better practice is for the trial court to instruct the jury to exclude every reasonable hypothesis of innocence when the evidence of defendant's guilt is *solely* circumstantial. *People v. Calise,* 179 Colo. 162, 498 P.2d 1154. *See also Colorado Jury Instructions* — Crim. 4:1. However, in this case, the evidence of defendant's guilt was primarily *direct,* consisting of the eyewitness identification of the defendant by two victims of the robbery. Where defendant's guilt is indicated by *both* direct and circumstantial evidence, a separate instruction on circumstantial evidence, as described above, is not required or even warranted. *People v. Calise, supra; Iwerks v. People,* 108 Colo. 556, 120 P.2d 961; *Taylor v. People,* 77 Colo. 350, 237 P. 159. *See also Colorado Jury Instructions* — Crim. 4:1, *Notes on Use.*

Second, defendant asserts it was reversible error for the trial court to refuse his tendered instruction on the credibility of identification testimony. The record reveals that the court properly instructed the jury on the credibility of witnesses generally, and we have held it is not error to deny a special instruction on the credibility of eyewitnesses where a proper general instruction on credibility is given. *People v. Ross,* 179 Colo. 293, 500 P.2d 127; *Fresquez v. People,* 178 Colo. 220, 497 P.2d 1246; *McLean v. People,* 172 Colo. 338, 473 P.2d 715. Additionally, as in *Ross,* the trial court here specially instructed the jury on the matter of the credibility of eyewitnesses, although not in the precise manner suggested by the defendant. Thus, even though the trial court could have refused to submit any such instruction to the jury, the defendant was, in essence, granted his request for a separate instruction on eyewitness credibility.

The judgment is affirmed.