## No. 26571
## No. 26778

## The People of the State of Colorado v. Robert Lee Palumbo

(555 P.2d 521)

Decided October 12, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant, for plaintiff-appellee.

Darol C. Biddle, James A. Carleo, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant, who was charged with manslaughter,[1] was convicted of criminally negligent homicide[2] as an included offense. We affirm.

---

[1] Section 18-3-104, C.R.S. 1973.
[2] Section 18-3-105, C.R.S. 1973.

The decedent walked across two lanes of vehicular traffic, hurrying to the median in order to avoid a car driven by the defendant. The defendant stopped his car, emerged, and approached the decedent. Some words were exchanged between the two. The defendant then struck the decedent in the head with his fist one or more times. The decedent fell, striking his head on the pavement. He was taken to a hospital in a semi-coma, and there died.

The defendant assigns six grounds of error: (1) He challenges the constitutionality of both the manslaughter statute and the criminally negligent homicide statute; (2) he argues that the court erred in denying his motion of acquittal predicated upon the grounds of insufficient evidence; (3) he contends that, in failing to produce the results of certain blood tests taken of the decedent after the incident, the prosecutor wrongly withheld exculpatory evidence; (4) he asserts error as to the court's instructions; (5) he contends that there was prejudicial error concerning the verdict form submitted by the court to the jury; and (6) he claims an inconsistency in the verdicts finding him not guilty of manslaughter and guilty of criminally negligent homicide.

## I.
## CONSTITUTIONALITY

The defendant challenges the constitutionality of the criminally negligent homicide statute, section 18-3-105, C.R.S. 1973. He contends that a charge and conviction under the criminally negligent homicide statute is a denial both of due process and of equal protection of the laws.

The defendant asserts that the manslaughter statute, under which he was charged, and the criminally negligent homicide statute, under which he was convicted, are virtually indistinguishable in their wording. Therefore, he says, since the manslaughter statute was declared unconstitutional in *People v. Calveresi*, 188 Colo. 277, 534 P.2d 316 (1975), any charge under the criminally negligent homicide statute is likewise unconstitutional. We do not agree.

Under *Calvaresi*, so far as constitutionality was concerned, we merely held that, where two statutes with unequal penalties proscribe the same act, "the defendant convicted under the *harsher* statute is denied equal protection of the law." (Emphasis added.) There, the defendant was tried on a charge of second-degree murder, was convicted of manslaughter and the case was remanded for vacation of the conviction and for a new trial as to criminally negligent homicide.

Here, the defendant was convicted of the crime of criminally negligent homicide, not of manslaughter. *Calvaresi* is not supportive of the argument.

The remainder of the constitutional argument, relating to denial of due process is without merit.

## II.
## SUFFICIENCY OF EVIDENCE

■ The defendant predicates his argument as to insufficiency of the evidence upon a medical testimony elicited on cross-examination to the effect that there was a slight possibility that the death resulted from natural circumstances. Viewing the evidence as a whole and in light most favorable to the People, each element of the crime of criminally negligent homicide was supported by credible evidence. It was not an abuse of discretion to deny the motion for acquittal. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973); and *Ruark v. People*, 164 Colo. 257, 434 P.2d 124 (1967).

## III.
## THE BLOOD TEST

The defendant contends that, if the decedent was intoxicated at the time of the assault in question, there would be other possible causes for his death, thus tending to exculpate the defendant. In order to attempt to show that the decedent was intoxicated, counsel for the defendant requested results of a blood test which he believed was in the district attorney's possession.

■ A prosecutor must disclose evidence in his possession which would tend to exculpate the accused or reduce the penalty. *People v. Trujillo*, 186 Colo. 329, 527 P.2d 52 (1974). The district attorney subpoenaed all documentary evidence in the hospital's possession relating to the case. The hospital records in the possession of the district attorney contained a reference to a blood alcohol test of the decedent, but did not contain the results of the test. These documents were made available to defendant's counsel. Thus, the prosecution adequately fulfilled its obligation. *People v. Manier*, 184 Colo. 44, 518 P.2d 811 (1974).

## IV.
## INSTRUCTIONS

The defendant argues that the court erred in giving certain instructions, and refusing to submit four of the defendant's tendered instructions.

■ First, the defendant contends that the court's instruction on proximate cause was erroneous because it allowed a finding of proximate cause despite medical testimony that there was approximately a 10 - 15% chance that the decedent's death could have been the result of natural causes. In the instruction given, the court adequately defined the term "proximate cause" as that cause which, when established beyond a reasonable doubt, produced the death "in natural, probable and continuous sequence, unbroken by any efficient intervening cause."

Second, the defendant contends that the court's instruction on reasonable doubt was vague and uncertain, and instead should have advised the jury that it must be convinced of guilt "to a moral certainty." The court's instructions on reasonable doubt and presumptions of innocence conformed with *Colorado Jury Instructions (Criminal)* 3:4 and 3:5. These instructions contained clear and sufficient statements of the law.

Third, the defendant contends that the trial court erred in refusing a specific instruction to the effect that the jury must find that the defendant had been correctly identified beyond a reasonable doubt. The court submitted a general instruction on the credibility of witnesses, and the weight to be accorded the testimony of each. It was not error to refuse a specific instruction on the credibility of eye witnesses where a general instruction on credibility was given. *People v. Lopez*, 182 Colo. 152, 511 P.2d 889 (1973).

In his fourth and final argument concerning the jury instructions, the defendant contends that it was error for the court to refuse to submit an instruction to the following effect:

"Since death is not the normal result of a blow with the fist, unless the evidence shows beyond a reasonable doubt that the defendant did more than simply strike the deceased with his fist, you must find the defendant not guilty of either manslaughter or criminally negligent homicide."

This tendered instruction contemplates that, in order for the defendant to be convicted of criminally negligent homicide, he must have had the specific intent to kill the decedent when he delivered the blow with his fist. This is not the law. Under the criminally negligent homicide statute, the person acts with criminal negligence when

"through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists." Section 18-1-501, C.R.S. 1973 (1975 Supp.).

The defendant cannot avoid his conviction on the ground that he did not intend death to result from his act.

## V.
## VERDICT FORM

The defendant contends that the verdict form submitted to the jury was prejudicially erroneous in that it contains one portion for a finding of not guilty of any offense charged, and three separate findings of guilt of manslaughter and the included offenses of criminally negligent homicide and assault. The verdict form was not ambiguous and we find no prejudicial error therein.

We are unable to perceive prejudicial error in the submission of the manslaughter charge to the jury. *See Velasquez v. People*, 162 Colo. 266, 425 P.2d 708 (1967).

## VI.
## INCONSISTENT VERDICTS

The defendant contends that in its conviction of the criminally negligent homicide charge, and acquittal of the manslaughter charge, there were inconsistent verdicts under our ruling in *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975), here discussed earlier. The jury rendered no verdict as to manslaughter and found the defendant guilty of criminally negligent homicide. Therefore, *Robles v. People*, 160 Colo. 297, 417 P.2d 232 (1966) is not applicable. We find no reversible error here.

Judgment affirmed.

MR. JUSTICE KELLEY does not participate.