MR. JUSTICE PRINGLE
delivered the Opinion of the Court.
In November 1975, criminal charges were brought against the defendant, Kenneth I. Trout, for participating with six other persons in a beating that left their victim unconscious and resulted in permanent blindness to one of his eyes. The defendant was charged with first-degree assault, under section 18-3-202(l)(b), C.R.S. 1973 (1978 Repl. Vol. 8).
At trial in the District Court of Routt County, the court properly instructed the jury on the elements of first-degree assault. The court further instructed the jury on the elements of second-degree assault, set forth in section 18-3-203(l)(a), C.R.S. 1973 (1978 Repl. Vol. 8), and third-degree assault, under section 18-3-204, C.R.S. 1973 (1978 Repl. Vol. 8). The jury was told to return only one verdict; that if it believed the defendant was not guilty of first-degree assault, but did not believe the defendant was innocent, it could return a verdict of guilty on one,of the lesser-included offenses, second- or third-degree assault.
The jury found the defendant guilty of second-degree assault. The Colorado Court of Appeals affirmed the conviction on August 18, 1977, and this court denied certiorari.
Thereafter, the defendant filed a motion in the district court for post-conviction relief. The appeal here is from a judgment denying him relief under Crim. P. 35(b).
The defendant asserts, as grounds for his 35(b) motion, that this court’s holding in People v. Dominguez, 193 Colo. 468, 568 P.2d 54 (1977), announced subsequent to his prior appeal, has worked a change in the law so as to render his conviction invalid. Crim. P. 35(b)(1)(VI).
In Dominguez the defendant, who had been convicted of first-degree assault, challenged the constitutionality of a portion of the first-degree assault statute, section 18-3-202(l)(b). We agreed that subsection (l)(b) of the first-degree assault statute was unconstitutional because it was not significantly distinguishable from the second-degree statute, section 18-3-203(1)(a). We declined to reverse the conviction, however, but remanded the case for sentencing in conformance with the second-degree statute.
The same statutes are before us in the instant case. Here the defendant was also charged under subsection (l)(b) of the first-degree statute, but, unlike the defendant in Dominguez, he was convicted only of second-degree assault under section 18-3-203(l)(a). However, he points out that since he was charged with first-degree assault, his conviction only for second-degree “implicitly acquitted” him of the greater charge. Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). The defendant then argues that since the two assault statutes were found by this court to be indistinguishable, a conviction on the lesser offense and an *100 acquittal on the greater offense are legally inconsistent verdicts, requiring reversal of his conviction. He cites as controlling Robles v. People, 160 Colo. 297, 417 P.2d 232 (1966).
We do not agree with defendant’s contention. The case of People v. Palumbo, 192 Colo. 7, 555 P.2d 521 (1976), is dispositive of this issue. In that case, a similar argument was made based upon this court’s decision in People v. Calvaresi, 188 Colo. 277, 534 P.2d 316 (1975), in which we held unconstitutional the manslaughter statute as being indistinguishable from the criminally negligent homicide statute. Criminally negligent homicide is a lesser-included offense of manslaughter. The defendant in Palumbo was charged with manslaughter and convicted of criminally negligent homicide. He claimed that his conviction for the lesser-included offense and corresponding acquittal of the greater offense were inconsistent verdicts, also citing Robles v. People, supra. We answered:
“The jury rendered no verdict as to manslaughter and found the defendant guilty of criminally negligent homicide. Therefore, Robles v. People, 160 Colo. 297, 417 P.2d 232 (1966), is not applicable. We find no reversible error here.” People v. Palumbo, supra, at 12, 555 P.2d at 525. [Emphasis added.]
As in Palumbo, Robles is distinguishable from the case at bar. In Robles, the defendant was charged with the two separate offenses of robbery and conspiracy to commit robbery. He was convicted on the conspiracy count, but found not guilty of robbery. We determined on appeal that:
“The very same evidence which the jury apparently did not believe was sufficient to prove the defendant participated in the robbery was the only evidence which could prove him guilty of conspiracy.” Robles v. People, supra, at 301, 417 P.2d at 234.
Thus, because the jury in Robles believed and disbelieved the same evidence, we found that the two verdicts on separate offenses could not stand together.
In the instant case and in Palumbo, the defendant was charged with one offense and convicted of a lesser-included offense. Greater and lesser-included offenses are matters of degree and are not “separate offenses” of the Robles genre. By deciding that the defendant is guilty of the lesser offense and not the greater, the jury is returning only one verdict. That verdict reflects the jury’s view as to the severity of the single offense with which the defendant has been charged. It is not a situation like Robles where the jury believes and disbelieves the same evidence. The “implicit acquittal” of the greater charge is therefore not a “verdict,” as urged by the defendant. It acts merely as a bar to further prosecution on the greater charged, under constitutional prohibitions against double jeopardy. See Price v. Georgia, supra.
*101 In conclusion, the fact that the first-degree assault statute has been declared unconstitutional is irrelevant to defendant’s “inconsistent verdict” argument here. There was simply no verdict on the first-degree charge with which his conviction could be inconsistent. Accord, People v. Palumbo, supra. The Rule 35(b) motion was properly denied.
Affirmed.