**David Lee GJERTSON, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 85SC203.**

Supreme Court of Colorado, En Banc.

Jan. 20, 1987.

Rehearing Denied Feb. 9, 1987.

David F. Vela, Public Defender, Douglas D. Barnes, Deputy Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for respondent.

PER CURIAM.

In *People v. Gjertson* (No. 83CA0649), the court of appeals in an unpublished opinion affirmed the conviction of the defendant, David Lee Gjertson, for murder in the first degree after deliberation. We granted certiorari to consider whether the People's evidence was sufficient to support the guilty verdict. We affirm the judgment.

The defendant was charged with first degree murder after deliberation, committed on August 14, 1982, in Denver, Colorado, and upon his conviction was sentenced to life imprisonment. The prosecution's evidence established that the victim of the crime was an eight year old boy, David Russell, who was the son of the defendant's girlfriend, Theresa Russell. For some time prior to the killing, the defendant had been living with Theresa Russell and her five children—Lisa (age seventeen), Kelly (age twelve), David (age eight), Adam (age six), and Amanda (age five).

Also living in the house was Lisa's seventeen year old boyfriend, Cecil Jones, and their one year old child.

The killing occurred in the early hours of the morning of August 14, 1982, while the eight year old victim was in his bed and all the occupants of the household were at home. The killing was committed by cutting the victim's throat from side to side, and the victim shortly thereafter bled to death and his body was found in the living room of the house in a pool of blood.

To withstand a motion for a judgment of acquittal there must be evidence which, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime beyond a reasonable doubt. *E.g., People v. Gonzales,* 666 P.2d 123 (Colo.1983); *People v. Brassfield,* 652 P.2d 588 (Colo.1982); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). Although there was no eyewitness to the killing in this case, the prosecution's evidence, when appropriately viewed, established that the murder could not have been committed by a stranger and that the circumstances surrounding the homicide pointed directly to the defendant as the killer. There was evidence that the defendant was up and about the house in his bathrobe and shorts when the murder was committed, that every other occupant was in bed at the time, that there was blood on the defendant's bathrobe and shorts, that his demeanor upon discovery of the victim's body was noticeably calm compared to the hysterical condition of the other members of the household, that while awaiting the arrival of an ambulance the defendant, who had previous paramedical training, held the child in a way that concealed the fatal wound and stated that the child was bleeding internally, that the defendant originally lied to the police when asked whether he had been up and about the home that evening, and that the defendant had a motive to commit the crime. We therefore agree with the court of appeals that the evidence was sufficient to support the guilty verdict. *See Moore v. People,*

174 Colo. 286, 483 P.2d 1340 (1971); *Corbett v. People,* 153 Colo. 457, 387 P.2d 409 (1963), *cert. denied,* 377 U.S. 939, 84 S.Ct. 1346, 12 L.Ed.2d 302 (1964); *People v. Norwood,* 37 Colo.App. 157, 547 P.2d 273 (1975).

The judgment is affirmed.

Colorado Court of Appeals, Div. III.