## THE PEOPLE OF UTAH TERRITORY, RESPOND-ENT, v. J. C. MORTON AND C. W. CARSON, AP-PELLANTS.

CRIMINAL LAW—BURGLARY—EVIDENCE OF INTENT.—It appeared from the evidence that C. and M. went to W.'s store during the night; that C. remained outside the building and M. entered by the back door; M. was arrested in the store near a safe immediately after his entry, and a bit or drill, that day purchased by C., and suited for boring into steel, was afterwards found near where M. stood when arrested; *held*, that the evidence showed an attempt to commit larceny on the part of C. and M., and that the entry was burglarious.

ID.—EVIDENCE—CONSPIRACY OF OFFICERS—CONSENT OF OWNER.—The evidence stated in the opinion held not to show a conspiracy on the part of the officers to entrap C. and M. into committing crime, or the consent of the owner of the building to the entry of C. and M.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The opinion states the facts.

*Mr. A. R. Heywood*, for the appellants.

The evidence shows that the officers of the law connived with their decoy, Toland, to entice defendants into committing a crime.

This is a complete defense: *People* v. *Saunders*, 25 Mich., 119; *People* v. *Harry Saunders*, 38 Mich., 218; *Williams* v. *State*, 1 Am. Crim. Rep., 413; *Johnson* v. *State*, 3 Tex. App. Rep., 590; *People* v. *Hampton*, 9 Pacific Reporter, 508 Utah.

Wardleigh, the owner, consented.

Intent to commit larceny is the essence of crime of burglary: C. L. Utah 1876, p. 620, sec. 2086.

There can be no larceny where the owner gives his consent to any of the alleged unlawful acts.

*Mr. W. H. Dickson*, for the respondent.

Boreman, J.:

The appellants were indicted for burglary committed by breaking into the store of Henry C. Wardleigh, in Ogden, in this territory, at night, with intent to steal. They were tried and convicted, and, having made their motion for new trial, which was overruled, they have appealed to this court.

The appellants urge that the testimony does not show any intent or attempt to commit larceny, and that, therefore, the crime of burglary was not committed. The evidence shows that the appellants were at the store of said Wardleigh at night, in the dark, an hour or two after the store had been closed for the day; that they were accompanied by one Toland, a witness for the defense, who testified in a manner showing that he had knowledge of the object in going there, and that he had notified Wardleigh of the contemplated burglary. The appellant Carson remained on the outside of the building, while Morton, with his supposed comrade, entered by the back door. Morton was arrested in the store near the safe, immediately after his entry, by officers secreted there, and afterwards a steel bit or drill, suited for boring into steel, was found near where Morton stood when arrested. This bit or drill had been on that day purchased at a hardware store by Carson, the appellant, who remained on the outside of the store during the entry by the others. With all these facts before the jury, it would seem impossible to account for the presence of the appellants at that store that night upon any reasonable hypothesis other than that they were there to steal. The conclusion is irresistible.

But it is claimed that there was a conspiracy between the sheriff, the city marshal, and Toland, to entrap the appellants into committing crime. The evidence does not bear out this allegation, but it shows that the plot to burglarize the store was one of the appellants' own conception, and that they broached the subject to Toland, who united with them, and then reported on them. After appellants had laid their plans, and the officers were notified, the latter very properly laid their plans to catch the men if they should attempt to carry out their purpose to enter the

store. No inducements were offered to them to commit the crime, nor were they encouraged to commit it. Toland was requested by the officers to stay with the appellants, and to report all suspicious doings, and he was not authorized to, nor does it appear that he did, encourage them to commit the deed, nor that he in any manner encouraged them in their doings. Nothing whatever appears that would lead a jury to believe that the officers were seeking to draw or induce the appellants to commit the crime, nor that they were conspiring for the purpose.

The appellants claim, further, that they went into the store by the consent of Wardleigh. The jury had before them the testimony of Toland that he told Wardleigh of the contemplated burglary, and that Wardleigh consented to the use of his store for the purpose, and that he (Toland) got the key from the back door, where Wardleigh had left it for him. And the jury had before them the testimony of Wardleigh that he had had no conversation whatever with Toland about the matter; that Toland began to talk, but he (Wardleigh) told him that he had had a conversation with the city marshal, and he had no desire to talk to him about it, as he had no confidence in him; that he (Wardleigh) left the key of the back door in the door on the inside, in the usual manner, and locked the door; and that he did not tell Toland that he would leave the key where he could get it. The jury evidently relied upon the testimony of Wardleigh, and not upon that of Toland; and the jury are the sole judges of the credibility of the witnesses. Wardleigh gave permission to the officers to occupy his store that night in order to arrest the appellants if they should attempt to carry out their contemplated plan of burglarizing the store. In that manner Wardleigh gave his consent to the plan for the arrest of appellants if they attempted to commit crime, but that is not evidence that he consented to the commission of the crime.

We do not see any error in the conclusion reached by the jury, and, of course, there was no error, therefore, in the judgment of the court below, and it is affirmed.

ZANE, C. J., and POWERS, J., concurred.