Leon D. URBAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14883.

United States Court of Appeals
Ninth Circuit.

Oct. 19, 1956.

Rehearing Denied Dec. 20, 1956.

Julien A. Hurley, Warren A. Taylor, Fairbanks, Alaska, for appellant.

George M. Yeager, U. S. Atty., Philip W. Morgan, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before HEALY, ORR, and FEE, Circuit Judges.

HEALY, Circuit Judge.

Appellant was indicted below on a charge of murder; and on a trial before a jury a verdict of manslaughter was returned against him. This appeal ensued.

There was testimony to the following effect: Appellant and one Myrtle Cathey were joint operators of a small bar known as the Alibi Club, located in the south part of Fairbanks, and the two were living together, as though married, in the back part of the Club. In the early morning hours of January 22, 1955, appellant was at the Alibi Club, from which place he went to another club called the Players, located about a mile distant, knowing that Myrtle was there. Upon his arrival he had a few words with Myrtle and then proceeded to remove her forcibly from the place. He engaged a cab, operated by one Jennings, who testified that he *heard* the appellant hit the woman several times, knocking her down on the floorboard of the cab; that he then heard him pick her up and knock her against the cab door. Upon arriving at the Alibi Club, according to Jennings, he saw the woman slumped on the back seat and saw blood on her face and down her clothes and on the cab seat. Also, he observed appellant get out of the cab, unlock the door of the Alibi Club, and drag the woman some ten feet into the building by the hair of her head.

Another witness, a Dr. Anderson, responded to a call of appellant on the evening of that same day and observed the woman's condition. He saw, among other things, gross swellings on both cheek regions and a bruise behind her left ear. He considered these bruises to be recent—within a 24-hour period. Appellant did not call Anderson again until over a week later. Upon responding to the call, the doctor saw the woman at the Alibi Club in the same bedroom as before and noted signs of serious brain injury; whereupon an ambulance was summoned and the woman was removed to a hospital, where she died the following day. Anderson, at the request of

the authorities, performed an autopsy and from this determined that the cause of death was from brain damage, the result of external injuries about the face and head and behind the ears. These injuries, he testified, were the product of blows from a fist or blunt object.

In his brief here appellant relies wholly on three points, which his counsel states as follows: (1) The court erred in denying defendant's motion for an acquittal at the close of the prosecution's evidence; (2) the court erred in admitting over objection a number of enlarged pictures of the body of the deceased woman, which enlargements, appellant says, were distorted; and (3) the court erred in refusing to instruct the jury regarding the law of circumstantial evidence as requested by defense counsel.

■ Counsel's argument under his first specification is that there was insufficient evidence to convict. It is apparent from what has already been said that the contention is without merit.

■ We pass to point (2) of the argument. The pictures referred to in that point are before us, together with the smaller original photos of which they are enlargements. No objection was made to the introduction of the originals. We are unable to discern in the enlargement any distortion. Both groups depict the same bruises, etc., on the body and limbs. We are satisfied that error, if any, in this connection did no prejudice to appellant's case.

■ Under his point (3) counsel urges that the court in its charge defining direct and circumstantial evidence erred in failing to advise the jury, as requested, that circumstantial evidence must be consistent with guilt and inconsistent with any other reasonable hypothesis. We think a sufficient answer to the argument is the observation of the Supreme Court in the recent case of Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 137, 99 L.Ed. 150, in which the court considered the same contention, saying that "the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect". In the case before us the court's instruction on reasonable doubt was full and adequate.

Affirmed.