**UNITED STATES of America, Appellee,**

v.

**Gilbert George MARTINE, Appellant.**

**No. 518-70.**

United States Court of Appeals, Tenth Circuit.

May 17, 1971.

John B. Speer, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., with him on the brief), for appellee.

Before SETH, ADAMS * and Mc-WILLIAMS, Circuit Judges.

SETH, Circuit Judge.

This is a direct appeal from a conviction of involuntary manslaughter under 18 U.S.C. § 1153. Trial was to a jury in the United States District Court for the District of New Mexico.

The defendant Martine is a Navajo Indian. On August 21, 1969, the defendant and a companion, Roy Charles, also a Navajo Indian, were drinking to-

* Of the Third Circuit, sitting by designation.

gether. It clearly appears from the transcript that both became intoxicated, and were seen by several witnesses driving Charles' pickup about the so-called checkerboard area of western New Mexico. The checkerboard area is a patchwork of land, some of which is owned by the Navajo Tribe, some of which is not. It does not lie within the boundaries of any Indian Reservation. Testimony revealed that the two, Martine and Charles, alternated driving the pickup. In the early evening of August 21, a Navajo policeman sought out the two at the request of relatives. Upon sighting Charles' pickup, the officer gave chase. When he finally caught up to the pickup, it had overturned, killing Roy Charles. The officer's testimony indicated that Martine was the driver at the time of the collision. Consequently, Martine was indicted for involuntary manslaughter.

Two questions are raised in this appeal. First, appellant argues that the evidence was insufficient to support the verdict. Secondly, appellant challenges jurisdiction under 18 U.S.C. § 1151.

As for the first contention, appellant urges that the evidence was insufficient, because there was only circumstantial evidence that Martine was driving at the time of the accident, and circumstantial evidence, if consistent with innocence, is insufficient. While such an argument may have had some force at one time, the present law is to the contrary. Where, as here, the jury is properly instructed on the standards for reasonable doubt, it is not necessary to give an additional instruction on circumstantial evidence. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L. Ed. 150 (1954). Furthermore, essential elements of an offense may quite properly be established solely by circumstantial evidence. Golubin v. United States, 393 F.2d 590 (10th Cir.1968); Wall v. United States, 384 F.2d 758 (10th Cir. 1967). Viewing the evidence in the light most favorable to the Government, it was sufficient to support the verdict.

Appellant's second contention is that the situs of the accident is not "Indian country" as defined by 18 U.S. C. § 1151, and required for jurisdiction to prosecute offenses under 18 U.S.C. § 1153. The term "Indian country" as used in section 1151 includes Indian reservations, dependent Indian communities, and all Indian allotments. The particular place where the accident took place was neither on an Indian reservation nor on an allotment. It was in an area known as the Ramah community and on land owned by the Navajo Tribe, it having been purchased with tribal funds from a corporate owner. Jurisdiction therefore rests on the claim that the area in question is a dependent Indian community. Appellant cities United States v. Sandoval, 231 U.S. 28, 34 S.Ct. 1, 58 L.Ed. 107 (1913), for the proposition that the phrase "dependent Indian community" refers only to Indian pueblos. In examining Sandoval and United States v. Joseph, 94 U.S. 614, 24 L.Ed. 295, we do not find such a restrictive interpretation of the phrase or concept in question. Nor have we found any other cases to support appellant's contention in this respect. What we do find in Sandoval is a helpful approach to the problem at hand. In Sandoval the Court was faced with the problem of determining the status of Pueblo Indians for purposes of congressional regulation. In resolving that problem the Court looked to the manner in which the pueblos had been treated by legislative and executive agencies and concluded that the pueblos were dependent Indian communities. See also Annot., 14 Fed. 540. The Court did not consider the question of what other areas might also be defined as such. The Sandoval case indicates that the proper approach to this problem was followed in this trial. The trial court received evidence as to the nature of the area in question, the relationship of the inhabitants of the area to Indian Tribes and to the federal government, and the established practice of government agencies toward the area. The testimony of enforcement officers and Bureau of In-

**1024**

dian Affairs officials supports the trial court's holding that the situs of this accident was Indian country.

Appellant urges that such a holding implies that wherever a group of Indians is found, e.g., in Los Angeles, there is a dependent Indian community. This does not follow. The test we are applying here is not so simple. Only after considering all of the various factors we have noted, as well as any other relevant factors, can the trial court determine the status of a particular area. The mere presence of a group of Indians in a particular area would undoubtedly not suffice.

Affirmed.