844

THE STATE OF WASHINGTON, *Respondent*, v. LUTHER LEE
GOSBY *et al.*, *Appellants*.

*Durning & Smith* and *David L. Shorett*, for appellants
(appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Frederick L. Yeatts, Deputy*, for respondent.

JAMES, J.—Luther Lee Gosby and Thomas Eugene Robles appeal from judgment and sentence entered on a jury verdict after both were found guilty of the crime of rob-

bery while armed with a deadly weapon. Gosby's counsel on appeal did not represent him at trial.

The Rainier Beach Tavern was robbed of $230, some wine and some cigarettes on the morning of December 26, 1972. One assailant held the only employee on duty at knife point while the other took money from the cash register. No other persons were present.

The defendants do not dispute the State's evidence concerning the manner in which the robbery was carried out. But they deny that they were the perpetrators. Therefore, the only issue at trial was the identity of the robbers.

Defendants' first claim of error is that the testimony of the only eyewitness to the crime should have been suppressed. The only eyewitness to the crime was the victim. Both defendants contend that in identifying them as her assailants, her credibility was completely destroyed. They point out that she originally made an erroneous identification; she failed to identify one of the defendants in a police lineup shortly after the robbery; she on one occasion stated that she would be unable to identify her assailants; her description of her assailants was imperfect; at trial, she failed to positively identify one of the defendants; she is white and the defendants are Black; and her testimony at a preliminary hearing as to the roles of the assailants varied from her testimony at trial.

The victim's testimony was clearly competent, relevant and material. As with any witness, her credibility was at issue. Under our adversary system, witness credibility is tested by cross-examination and is the subject of fair comment in final argument. *State v. Favro*, 5 Wn. App. 311, 313, 487 P.2d 261 (1971). The record discloses that trial counsel availed themselves of every opportunity to discredit the witness. But neither reason nor precedent supports defendants' contention that eyewitness identification testimony should be suppressed because credibility is in issue.

Any evidence tending to identify the accused as the guilty person is relevant and competent. It need not be in itself sufficient to support a conviction in order to be ad-

missible; it is enough, if it has a tendency to that effect. Nor need the evidence be so far positive as to leave nothing but the credibility of the witnesses to be considered. Uncertainty in this respect affects only the weight of the evidence, not its admissibility, and certainly it has some bearing on the question whether the accused was guilty of the crime to show that the person committing it was of his general appearance, or to show that a person of his general appearance was seen in the vicinity of the place of the crime immediately prior to its commission.

*State v. Spadoni,* 137 Wash. 684, 691, 243 P. 854 (1926). *See also State v. Gersvold,* 66 Wn.2d 900, 406 P.2d 318 (1965).

■ Gosby makes the further claim that the case against him should have been dismissed as a matter of law for insufficiency of evidence identifying him as one of the perpetrators of the crime. He points out that, at trial, the victim did not categorically identify him as one of the men who robbed her. She stated only that she was "almost sure" of his identity. She did positively identify Robles.

Gosby's argument ignores the testimony of Gosby's sister and a female friend of both Gosby and his sister which put the defendants in the tavern alone with the victim a brief moment before the robbery occurred. Their testimony was corroborated by other State's witnesses. This evidence, though circumstantial, was sufficient to carry the issue of Gosby's identity to the jury. It could serve no other purpose than to identify him as one of the robbers. The trial judge properly denied Gosby's motion to dismiss.

The defendants' principal claims of error concern the trial judge's instruction on circumstantial evidence. The jury was instructed as follows:

> I instruct you that evidence may be of two kinds, direct or circumstantial. Direct evidence relates directly to factual questions and is produced by witnesses testifying from their direct personal observation or other direct sensory perceptions. Circumstantial evidence relates to facts and circumstances from which the jury may infer other or connected facts which usually and reasonably follow according to the common experience of mankind.

If circumstantial evidence is considered by you, it should be consistent with guilt and it should be inconsistent with innocence.

If upon consideration of the whole case, you are satisfied beyond a reasonable doubt of the guilt of any defendant, it does not matter whether such certainty has been produced by direct evidence, or by circumstantial evidence, or by both.

Instruction No. 10.

On appeal, defendants contend that the instruction was defective in that it failed to advise the jury that no *element* of the crime could be established *solely* by circumstantial evidence unless such evidence was not only consistent with the hypothesis of guilt but was inconsistent with any hypothesis of innocence.

■ As an abstract proposition, we agree with defendants' contention. If the only proof concerning an essential element of a crime is circumstantial, it cannot constitute proof beyond a reasonable doubt if it is consistent with a reasonable hypothesis of innocence, even though it is also consistent with a hypothesis of guilt.

■ At trial, however, neither defendant requested that the instruction on circumstantial evidence be focused upon the elements of the crime. We, therefore, may not consider this claim on appeal.

The basis for challenging an instruction which is not urged at the time of trial cannot be considered for the first time on appeal. *State v. Harris*, 62 Wn.2d 858, 385 P.2d 18 (1963). New theories presented for the first time on appeal must be disregarded. *State v. Lyskoski*, 47 Wn.2d 102, 287 P.2d 114 (1955).

*State v. Leevans*, 70 Wn.2d 681, 683, 424 P.2d 1016 (1967). The exception to this principle that where fundamental constitutional rights are denied by the challenged instruction is not applicable. *State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968). In any event, neither in their briefs nor in oral argument did either defendant designate which elements they claim were proved only by circumstantial evidence. As we have pointed out, the only element which was

disputed was identity and it was the only element upon which circumstantial evidence had any impact.

The more difficult problem presented concerns the trial judge's refusal of defendant Gosby's request that the jury be instructed:

> In order to sustain a conviction on circumstantial evidence *alone*, however, the circumstances proved by the State *must* not only be consistent with each other and consistent with the hypothesis that the accused is guilty, but also *must* be inconsistent with any hypothesis or theory which would establish, or tend to establish, his innocence.

(Italics ours.) in place of the language used in instruction No. 10:

> If circumstantial evidence is considered by you, it *should* be consistent with guilt and it *should* be inconsistent with innocence.

(Italics ours.)

■ Again, as an abstract proposition, we agree that, in a proper case, the jury should be instructed that guilt (or more properly, each necessary element of a crime) may *not* be established by circumstantial evidence *alone* unless the circumstantial evidence is inconsistent with any *reasonable* hypothesis of innocence.[1] But defendants' proposed instruction was not couched in terms of *reasonable* hypotheses of innocence. It is not error to refuse an improper instruction. *State v. Chambers*, 81 Wn.2d 929, 933, 506 P.2d 311 (1973); *State v. Wilson*, 26 Wn.2d 468, 482, 174 P.2d 553 (1946). And, as above discussed, the trial court could properly have determined as a matter of law that the circumstantial evidence concerning identity, the only contested issue, was *not* consistent with any *reasonable* hypothesis of innocence. Therefore, the refusal of Gosby's proposed instruction did

---

[1]In an untimely offer, defendant Robles proposed an instruction on circumstantial evidence which was defective in that it did not instruct concerning the establishment of guilt by circumstantial evidence *alone*.

not constitute prejudicial error.[2] *State v. Grant*, 9 Wn. App. 260, 511 P.2d 1013 (1973).

Finally, the defendants contend that the trial judge erred in denying them separate trials. The denial or granting of a motion for separate trials for two or more defendants jointly charged is a matter within the sound discretion of the trial judge and will not be disturbed unless there is a manifest abuse of discretion. RCW 10.46.100; *State v. Parker*, 74 Wn.2d 269, 444 P.2d 796 (1968); *State v. Aiken*, 72 Wn.2d 306, 434 P.2d 10 (1967); *State v. Courville*, 63 Wn.2d 498, 387 P.2d 938 (1963); *State v. Baker*, 150 Wash. 82, 272 P. 80 (1928). We find no abuse of discretion.

Affirmed.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied October 15, 1974.

Review granted by Supreme Court January 27, 1975.

---

[2]In refusing Gosby's proposed instruction, the trial judge said:

[Gosby's proposed instruction] does not apply to this type of a case. This is the kind of a circumstantial evidence instruction which you must give to the jury where the State's whole case rests upon circumstantial evidence and there is no direct evidence. It is improper to give this instruction when there is some direct evidence as well as some circumstantial evidence.

In so stating, the trial judge may have been influenced by language in our statement in *State v. Nabors*, 8 Wn. App. 199, 203, 505 P.2d 162 (1973) that:

In a case with both direct and circumstantial evidence, the jury should *not* be instructed concerning a conviction based upon circumstantial evidence *alone*. Such a statement can serve only to confuse jurors.

(Italics in original.)

Upon reflection, we feel that the statement, though appropriate to the facts of the case, was uncritically broad. It is conceivable that, in an appropriate case, the jury might be disposed to entirely disregard the *direct* evidence concerning an element of the crime charged. In such event, the jury would then be required to determine whether the State had met its burden of proof by circumstantial evidence. In such a case, a jury should be instructed that the circumstantial evidence in proof of the element *must* be inconsistent with any reasonable hypothesis of innocence.