[No. 1277-2.    Division Two.    August 15, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE LAGRANDE HUGHES, *Appellant*.

*J. Dean Morgan,* for appellant.

*James E. Carty, Prosecuting Attorney,* and *Sharon Swenson Howard, Deputy,* for respondent.

COCHRAN, J.*—Defendants Eugene LaGrande Hughes and Earl Claudias Debnam were convicted of conspiracy to deliver a controlled substance, a violation of RCW 69.50.407, after trial by jury. Hughes appeals from that conviction.

A sergeant in the Clark County Sheriff's Office was advised that a person in Portland, Oregon wanted to sell a quantity of marijuana. The sergeant gave a phone number where he could be contacted. The sheriff's office received a call at this number on May 7, 1972, and the caller stated he "had some weed to unload." The caller quoted a price of $150 per pound, but for 10 pounds or more the price would be $100. The sergeant asked "What kind of weed is it?" The voice replied: "This is the best you can get, people have been getting stoned all over Portland on this weed." It was agreed that 20 pounds was to be purchased at the $100 price. There were other calls identified as the same voice and calling himself "Reese" and the sergeant called himself "Jerry." The transaction was to be consummated May 13 in Esther Short Park in downtown Vancouver at 10 p.m.

At the appointed time and place defendants Hughes and Debnam appeared—Hughes identifying himself as "Reese." The sergeant was accompanied at the time by a Multnomah County deputy sheriff. The sergeant wanted to see a sample and Hughes directed Debnam to "Go get a lid." Debnam returned with a baggie from which defendant Hughes filled a pipe, lit it and passed it to the deputy. It was passed about and the deputy stated: "It was good pot." The pipe was admitted as exhibit No. 1, being identified as this same pipe. The contents of the pipe were analyzed as marijuana.

*Judge John D. Cochran is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

Four hundred fourteen small plastic bags were delivered by defendants to the officers, which upon later anlaysis were found to contain *catnip*. When defendants were arrested, hand-rolled cigarettes containing marijuana were found on both. These were admitted as exhibits Nos. 2 and 3.

The defendant first contends the court's instruction[1] on circumstantial evidence was defective. He urges the giving of this instruction was error since it failed to advise the jury that no *element* of the crime could be established *solely* by circumstantial evidence unless such evidence was not only consistent with the hypothesis of guilt but was also inconsistent with any hypothesis of innocence. In the abstract, defendant's proposition may be true. An essential element of a crime may not be proved by circumstantial evidence alone unless this evidence is inconsistent with any reasonable hypothesis of innocence and consistent with a reasonable hypothesis of guilt. *State v. Gosby*, 11 Wn. App. 844, 526 P.2d 70 (1974). However, the court's instruction in no way prejudiced the defendant. *State v. Nabors*, 8 Wn. App. 199, 505 P.2d 162 (1973). First, the instructions as a whole permitted the defendant to argue his theory of the case. Second, both direct and circumstantial evidence was admitted as to each element of the crime charged.

___

[1]Court's instruction No. 9:

"I instruct you that evidence may be of two kinds, direct or circumstantial. Direct evidence relates directly to factual questions and is produced by witnesses testifying directly from their personal observation. Circumstantial evidence relates to facts and circumstances from which the jury may infer other or connected facts which usually and reasonably follow according to the common experience of mankind.

"In order to sustain a conviction on circumstantial evidence alone, however, the facts and circumstances relied upon must be consistent with each other, and consistent with the guilt of the defendant. They must be inconsistent with any reasonable hypothesis or theory of innocence which would establish, or tend to establish, the defendant's innocence.

"If, upon consideration of the whole case, you are satisfied beyond a reasonable doubt of the guilt of any defendant, it does not matter whether such certainty has been produced by direct evidence or by circumstantial evidence."

■ Defendant objected to the court's instructions Nos. 2 and 6.[2] On review, the trial court's instructions must be considered as a whole. *State v. Kubicek*, 5 Wn. App. 293, 486 P.2d 1098 (1971). Defendant apparently argues that the element of specific intent was not adequately explained to the jurors. However, instruction No. 6 clearly instructs the jurors that to find the defendants guilty they had to find the defendants intended to deliver marijuana, not catnip or some other substance.

The defendant next contends the court erred by refusing to consider affidavits from several jurors before denying defendant's motion for a new trial. The affidavits, obtained from several jurors, indicate the jurors found the defendants guilty after finding the defendants knew the substance was catnip and intended to misrepresent it as marijuana,

---

[2]The court's instruction No. 2:

"To convict EUGENE LaGRANDE HUGHES and EARL CLAUDIAS DEBNAM of the crime of conspiracy to deliver marijuana, as charged herein, you must find that the State has proven each of the following elements beyond a reasonable doubt:

"1. That on or about May 13, 1972, EUGENE LaGRANDE HUGHES and EARL CLAUDIAS DEBNAM willfully, unlawfully and feloniously engaged in a conspiracy; and,

"2. That the object of such conspiracy was the unlawful delivery of marijuana, a controlled substance; and,

"3. That all of the foregoing occurred in Clark County, Washington.

"If you find from the evidence admitted in this case that the State has proven to you beyond a reasonable doubt all of the foregoing elements, then it will be your duty to return a verdict of guilty of the crime of conspiracy to deliver marijuana as charged in the information herein. On the other hand, if after weighing all of the evidence or lack of evidence, you entertain a reasonable doubt as to the establishment of any one or more of the foregoing elements, then it will be your duty to return a verdict of not guilty of the crime of conspiracy to deliver marijuana."

Instruction No. 6 is as follows:

"Conspiracy is a crime which requires criminal intent on the part of the conspirators. The specific intent required to be shown in this case is the intent to deliver marijuana.

"The intent with which an act is done is a mental process and is rarely, if ever, susceptible of proof by direct evidence, but may be inferred or gathered from the outward manifestations, by the words or acts of the person entertaining it, and the facts or circumstances surrounding or attendant upon the offense with which he is charged."

rather than finding the defendants intended to deliver marijuana.

The Supreme Court in *State v. McKenzie*, 56 Wn.2d 897, 900, 355 P.2d 834 (1960) considered a similar issue. In that case the court stated:

> The trial court may receive and consider the affidavit of any person who is competent to make an affidavit in support of or against a motion for a new trial insofar as such affidavit shows facts in relation to misconduct of a juror; *but the court may not consider such affidavits as to those things which inhere in the verdict. Dibley v. Peters* (1939), 200 Wash. 100, 93 P. (2d) 720.

A verdict will not be disturbed on the basis of jurors' assertions relating to their thought processes in reaching a verdict which reveals, at most, error in the verdict itself. *Ryan v. Westgard*, 12 Wn. App. 500, 530 P.2d 687 (1975); *State v. Forsyth*, 13 Wn. App. 133, 533 P.2d 847 (1975).

The defendant's contention that admission of exhibits Nos. 2 and 3 was improper has no merit. The admission of the marijuana cigarettes, found on the defendants at the time of their arrest, was proper to show motive or intent, absence of accident or mistake, common scheme or plan, and relevancy to a material issue. *State v. Hennings*, 3 Wn. App. 483, 475 P.2d 926 (1970).

Finally, defendant challenges the sufficiency of the evidence to sustain a verdict. The challenge must be denied if any reasonable inference of guilt may be drawn. *State v. Emerson*, 5 Wn. App. 630, 489 P.2d 1138 (1971); *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971).

Our only inquiry on appeal is whether there was substantial evidence from which the jury could find the defendant conspired to deliver a controlled substance. *State v. Pristell*, 3 Wn. App. 962, 478 P.2d 743 (1970). Our reading of the record satisfies us that there was.

Judgment affirmed.

BRYAN (A.C.J.) and WIEHL, JJ. Pro Tem., concur.

Petition for rehearing denied October 6, 1975.

Review denied by Supreme Court December 15, 1975.