**STATE of Utah, Plaintiff and Respondent,**

v.

**Clyde Brent ERICKSON, Defendant and Appellant.**

**No. 14853.**

Supreme Court of Utah.

Sept. 1, 1977.

---

9. Footnote 6, supra.

10. Footnotes 2 and 5, Main Opinion.

11. See statement in *Davis v. Provo City,* 1 Utah 2d 244, 265 P.2d 415. See also 86 A.L.R.2d 489, et seq.

evidence to sustain the verdict. This court must assume that the jury believed those aspects of the evidence, and drew inferences that reasonably could be drawn therefrom, in the light favorable to the verdict.[1]

As to the claim of error in the instructions it should be noted that no written request was made therefor as required by Rule 51, U.R.C.P. Furthermore, the word "value" is of common knowledge and usage, and an instruction as to its meaning is not always required. Although Utah Code Annotated, Section 76–6–101(4), does define value under the criminal code, this court has held that "market value" applied only to property which has been totally destroyed.[2] Although the trial court might properly have instructed on the value of the property its failure to do so in the absence of a written request does not warrant reversal. The judgment is affirmed.

Sumner J. Hatch, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted by a jury of theft of property having a value in excess of $1,000, a second degree felony. On this appeal he challenges: (1) the sufficiency of the evidence; and (2) error in the court's refusal to give a specific instruction on the value of the property taken.

The claim of insufficiency of the evidence factually must fail. There is sufficient evidence to establish the various elements of theft and this court should not substitute its own judgment for that of the jury unless there is no competent credible

---

1. *State v. Wilson*, Utah, 565 P.2d 66 (1977).

2. *State v. Logan*, Utah, 563 P.2d 811 (1977).