STATE of Utah, Plaintiff and Respondent,

v.

Albert Banard LAMM and Roy Lee Lamm, Defendants and Appellant.

No. 15888.

Supreme Court of Utah.

Jan. 16, 1980.

---

**38.** *Id.* at 26 Utah 2d 218, 487 P.2d 868.

Royal K. Hunt, Salt Lake City, for defendants and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from a conviction of Theft by Receiving,[1] by challenging the sufficiency of the evidence.

The state presented testimony to establish the following facts. On Monday morning, September 20, 1976, it was discovered that a large welder was missing from the premises of an Alder Construction Company site. The value of the welder was in excess of $1,000.

Later that day, around noon, two employees of the construction company, Herodes and Hansen, drove a company car to a nearby Dee's Restaurant for lunch. They testified that as they were leaving the parking lot, they saw a welder similar to the missing one in the bed of a 1971 white Ford pickup truck. They approached the truck and could see an "Alder Construction Company" logo sticker underneath the freshly painted side of the machine. They wrote down the license plate number of the truck and mentally noted the serial number of the welder. Herodes immediately crossed the street to call the sheriff while Hansen remained in the parking lot.

After what Herodes described as a five to ten minute wait, a group of men came out of the restaurant and saw the company car and Hansen. They congregated and talked for a short period of time, when suddenly one of the younger men jumped into the white pickup. He started the engine and drove away at a rapid rate of speed, spinning wheels and throwing gravel, cutting through a landscaped area, jumping the curb onto the main road headed west. The other men got into a "crew cab" truck and headed in a northerly direction. Meanwhile, Herodes ran back across the street, got into the company car and gave chase to the white pickup. Hansen remained to wait for the sheriff who then together subsequently joined in the pursuit. The white pickup was lost in traffic and the welder was never recovered.

Defendant was identified at trial as a member of the group of men observed at the restaurant. The crew cab truck was licensed to defendant and the white pickup was licensed to one Roy Cummings who testified that sometime in late August 1976 he had sold the white pickup to defendant for $800. A few weeks later, defendant went to Cummings' home and asked him to not tell anybody who had bought the pickup. The explanation given was that defendant's son Roy had gotten defendant into trouble. Cummings' son, Benny, testified that he had overheard the conversation and that defendant had indicated that the trouble Roy was into involved a "hot welder." Benny also testified that later that same afternoon Roy asked Benny for a ride to a local shopping center because "there

1. U.C.A., 1953, 76–6–408.

was a welder and these guys have been chasing me all over . . . ."

Defense witness Lanny Tracy testified that he had given a 1966 Ford crew cab truck to defendant in July or August of 1976. He indicated that although he was not certain of the date, on September 20, 1976, he met defendant and defendant's son, Roy, for lunch at Dee's Restaurant. Tracy testified that after lunch he worked for fifteen or twenty minutes on the crew cab truck while it was parked in the Dee's parking lot. Defendant's testimony was essentially the same as that given by Mr. Tracy. He also testified that the reason he requested that Roy Cummings not identify him as the owner of the white truck was to protect his son from possible imprisonment from driving a vehicle after his license had been revoked for reckless driving.

After considering the evidence, the jury returned a verdict of guilty. Following a pre-sentence report, defendant was sentenced to an indeterminate term of one to fifteen years in the Utah State Prison.

■ The sole issue presented by this appeal is that of the sufficiency of the evidence. It is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses, and it is not within the prerogative of this Court to substitute its judgment for that of the fact-finder. This Court should only interfere when the evidence is so lacking and insubstantial that reasonable men could not possibly have reached a verdict beyond a reasonable doubt.[2]

■ Defendant was convicted of receiving stolen property in violation of U.C.A., 1953, 76–6–408 which provides, in part, as follows:

(1) A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, or who conceals, sells, withholds or aids in concealing, selling, or withholding any such property from the owner, knowing the property to be stolen, with a purpose to deprive the owner thereof.

The facts of the present case fall within the latter portion of this provision, i. e. concealing or aiding in the concealment of stolen property. The elements of the crime are: (1) property belonging to another has been stolen; (2) the defendant aided in concealing this property; (3) at the time he so aided in concealing it he knew the item had been stolen; and (4) his purpose in acting was to deprive the owner thereof of possession. For a criminal conviction, the prosecution must prove beyond a reasonable doubt each element of the crime.[3] This burden may be met by any combination of direct or circumstantial evidence, including reasonable inferences drawn therefrom.[4]

■ Applying the foregoing principles to the instant case, the evidence is sufficient to establish each of the elements of the offense. The testimony of the two employees of Alder Construction Company was sufficient to establish that property belonging to the company had been stolen. The actions of the defendant in requesting that Roy Cummings withhold from the authorities the defendant's ownership of the white pickup truck and his false statements to the Deputy Sheriff concerning the location and use of that truck [5] were sufficient to estab-

2. *State v. Logan,* Utah, 563 P.2d 811 (1977). See also, *State v. Romero,* Utah, 554 P.2d 216 (1976); *State v. Fort,* Utah, 572 P.2d 1387 (1977); *State v. Wilson,* Utah, 565 P.2d 66 (1977); and *State v. Erickson,* Utah, 568 P.2d 750 (1977).

3. U.C.A., 1953, 76–1–501(1).

4. *State v. John,* Utah, 586 P.2d 410 (1978); *State v. Sullivan,* 6 Utah 2d 110, 307 P.2d 212 (1957), cert. den. 355 U.S. 848, 78 S.Ct. 74, 2 L.Ed.2d 57 (1957).

5. Kay Clark of the Salt Lake County Sheriff's Office who had investigated the incident, testified as follows:

I asked him (defendant) where his truck had been on that particular day, if I recall correctly. He said he didn't know. I asked him who was driving his truck on that day. He replied he did not know. I asked him if he knew anything about the welder that was involved. He said he didn't know anything about any welder.

lish the act of aiding in the concealment of the stolen property.[6] The testimony of Benny Cummings as to defendant's specific knowledge that the property had been stolen was sufficient proof of that element of the offense. This testimony, when combined with the incident at Dee's parking lot and the fact that the welder was never recovered, would all go to show that defendant sought to deprive the construction company of its property.

■ The evidence relied upon by the jury need not refute contrary allegations made by the defendant, as long as the jury verdict is supported by substantial evidence. The rule often applied in a circumstantial case that requires the exclusion of every reasonable hypothesis other than guilt is in reality nothing more than another manner of stating the burden of proof applicable in all criminal cases, viz., beyond a reasonable doubt. The key word in either concept is that of "reasonable." In the instant case, the jury simply did not deem the defendant's explanation of his actions as being "reasonable," and the attendant facts and circumstances adequately support that conclusion.[7]

The jury verdict and the judgment of the trial court are hereby affirmed.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

MAUGHAN, Justice (dissenting):

For the following reasons, I dissent. Following the presentation of the evidence the jury found the defendant, Albert Banard Lamm, guilty of theft by receiving in violation of Section 76–6–408. This statute provides in pertinent part:

(1) A person commits theft if he . . conceals, sells or withholds or aids in concealing, selling or withholding any such property from the owner, knowing the property to be stolen, [and] with the purpose to deprive the owner thereof.[1]

To convict an individual of concealing or aiding in the concealment of stolen property the prosecution must introduce evidence sufficient to eliminate all reasonable doubt of the individual's innocence from the minds of the jurors. This basic standard is codified in Section 76–1–501 which states:

A defendant in a criminal proceeding is presumed to be innocent until each element of the offense charged against him is proved beyond a reasonable doubt. In absence of such proof, the defendant shall be acquitted.

This standard provides the basis for appellate review of a jury's verdict. While it is the sole province of the jury to assess the credibility of the various witnesses and determine the weight of the evidence, this Court must review the sufficiency of the evidence upon which the jury bases its final determination. If the evidence presented is so lacking that no reasonable person could conclude it eliminates all reasonable doubt of the defendant's guilt then we must set aside the jury verdict. While it is not the province of this Court to substitute its judgment for that of the fact-finder, when the

---

**6.** The term "conceal" as used in the statute is not to be interpreted in a technical sense, but rather includes all acts done which render the discovery or identification of the stolen property more difficult. See *Commissioner of Public Safety v. Treadway*, Mass., 368 Mass. 155, 330 N.E.2d 468 (1975); *Trammell v. State*, 511 S.W.2d 951 (Tex.Cr.App.1974); *State v. Moynahan*, 164 Conn. 560, 325 A.2d 199, *cert. denied* 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973).

**7.** See *State v. Schad*, 24 Utah 2d 255, 470 P.2d 246 (1970); also, *State v. John*, Utah, supra footnote 4.

**1.** By defining the term "conceal" in the broad manner that it has, this Court has greatly ex-

panded the scope of this section. When the term is interpreted as including all acts done which render the discovery or identification of the stolen property more difficult, a grand array of acts undertaken by someone with any knowledge of stolen merchandise becomes culpable. However, under § 76–6–408, notwithstanding this expansive interpretation, before an act renders a person criminally liable he must have undertaken it with the conscious purpose of depriving the owner of possession of the stolen property. Thus, the individual's intent at the time of acting becomes the essence of the crime and the fact which defines the criminality of the act.

evidence is so lacking and insubstantial that reasonable men could not possibly have reached a verdict of guilt beyond a reasonable doubt, we must interfere and over-rule the verdict.[2]

To support a conviction the prosecution must present a quantum of evidence sufficient to prove beyond a reasonable doubt each element of the crime. In its presentation the prosecution can rely on direct and circumstantial evidence and any inferences reasonably drawn therefrom to support the verdict.

However, when relying exclusively on circumstantial evidence to prove an element of the crime the rule of law applied by this jurisdiction is:

Circumstantial evidence may be quite as conclusive as direct evidence, but it is incumbent upon the prosecution, not only to show by a preponderance of evidence . . . that the alleged facts and circumstances are true, but they must also be such facts and circumstances as are incompatible, upon any reasonable hypothesis, with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than the defendant's guilt.[3]

While there exists some uncertainty concerning the application of this rule in the Federal Courts,[4] this Court has recently re-affirmed its applicability in *State v. John*[5] where we explained:

. . . the evidence must exclude every reasonable hypothesis other than the defendant's guilt (footnote excluded). That rule is sound and useful if correctly understood and applied.

The majority's statement that the rule is "in reality nothing more than another manner of stating the burden of proof applicable in all criminal cases, viz., beyond a reasonable doubt," belies a correct understanding and application of the rule. Rather, this rule of law for the treatment of circumstantial evidence is an application of the substantive evidence rule,[6] and in applying the rule the concern of this Court is whether the evidence presented is sufficient to allow an inference of the disputed fact.

The instruction given to the jury concerning circumstantial evidence is merely a special rule of inference imposed upon them when the evidence presented as proof of an essential element of the crime is exclusively circumstantial. This restriction, that the circumstances presented must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion is but a specific application of the most basic principle in our criminal law, i.e., an accused is presumed to be innocent until his guilt is proven beyond a reasonable doubt.[7]

2. *State v. Logan*, Utah, 563 P.2d 811 (1977).

3. *People v. Scott*, 10 Utah 217, 222, 223, 37 P. 335, 336 (1894); See also *State v. Schad*, 24 Utah 2d 255, 470 P.2d 246 (1970); *State v. Garcia*, 11 Utah 2d 67, 359 P.2d 57 (1960); *State v. Erwin*, 101 Utah 365, 120 P.2d 285 (1941).

4. Much confusion has resulted from the Supreme Court's dicta in *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 731 (1954). In *Holland* the Supreme Court explained: " . . . the better rule is that where the jury is properly instructed on the standards of reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." At 139, 75 S.Ct. at 137. While some courts have interpreted this as a complete denial of any application of the circumstantial evidence test [See *United States v. Martine*, 442 F.2d 1022 (10th Cir. 1971)], other courts interpret it more strictly and apply it only to the necessity of instructing the jury upon the circumstantial evidence standard. See *Sowers v. United States*, 255 F.2d 239 (5th Cir. 1958); *Urban v. United States*, 237 F.2d 379 (9th Cir. 1956). The Fifth Circuit Court explained this latter approach in *U. S. v. Brown*, 547 F.2d 1264 (5th Cir. 1977), where they stated: "Appellant misconstrues the holding in *Holland* . . . The court there held it was not error to instruct on both reasonable doubt and circumstantial evidence. . . . The rule has long been that the evidence must be such that a jury could conclude that it is inconsistent with every reasonable hypothesis of innocence." At 1266.

5. *State v. John*, Utah, 586 P.2d 410, 411 (1978).

6. *State v. Hermosillo*, 88 N.M. 424, 540 P.2d 1313 (1975).

7. *State v. John*, supra note 5, at 411.

A criminal conviction may not be based upon conjectures, however true, nor upon probabilities, however strong, but rather a conviction must be supported by a quantum of evidence sufficient to logically compel the conclusion of guilt beyond a reasonable doubt.[8] Although this Court recognizes circumstantial evidence may be as convincing as direct evidence in support of a criminal conviction we also recognize where a conviction is based on circumstantial evidence that evidence should be looked upon with caution.[9] Circumstances when presented as evidence in a criminal conviction must do more than merely cause a strong presumption of guilt.[10] Rather when they are relied upon for a conviction, they ought to be of such a character as to negate every reasonable hypothesis except that of the defendant's guilt.[11]

In reviewing a jury verdict this Court will consider all the facts and circumstances presented in the light most favorable to the verdict. Yet, the conclusion of the jury must be based on some credible evidence and not mere conjecture or probability. Thus, in reviewing the evidence presented at trial this Court must determine if the facts and circumstances are of such a quality and quantity as to legally justify a jury in determining guilt beyond a reasonable doubt.

In our review of the quality and quantity of the evidence and its corresponding sufficiency in the context of the circumstantial evidence rule we must keep in mind the test to be applied is not simply whether in our opinion the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather is there any evidence presented to the jury from which they might so conclude.[12]

We must remember, when circumstances are relied upon by the prosecution, the circumstantial evidence rule excludes from the consideration of the jury any ambiguous circumstances or facts, which are consistent with the innocence as well as the guilt of the defendant.[13] Thus, while circumstantial evidence may be as convincing as direct, in order to sustain a conviction on circumstantial evidence alone the chain of circumstances must be complete and unbroken and each circumstance necessary to support the conviction must be incompatible upon reasonable hypothesis with the innocence of the accused.[14]

Where the proof of a material fact necessary for conviction is supported exclusively by circumstantial evidence, those circumstances, individually and collectively, must point unerringly to the guilt of the defendant.[15] If the circumstances essential for conviction, are ambiguous and consistent with the innocence of the accused, then this

---

8. *State v. Fairbanks*, 140 Mont. 243, 370 P.2d 497 (1962).

9. *State v. Schad*, supra note 3, 470 P.2d at 247.

10. *State v. Flores*, 76 N.M. 134, 412 P.2d 560 (1966).

11. *Kitchen v. State*, 66 Okl.Cr. 423, 92 P.2d 860 (1939); In *State v. Rincones*, 209 Kan. 176, 495 P.2d 1019 (1972), *the Kansas Supreme Court* explained: "Material facts in a criminal case may be established by circumstantial evidence so long as that evidence satisfies the applicable requirements of consistency with guilt and inconsistency with innocence and possesses the requisite degree of probative force." At 1022.

12. See *U. S. v. McGlamory*, 441 F.2d 130 (5th Cir. 1971).

13. *State v. Crawford*, 59 Utah 39, 201 P. 1030 (1921). The *Crawford* case is particularly illuminating. In *Crawford* the defendant was

charged with burglary and there was absolutely no evidence connecting the defendant with the burglary except the fact he attempted to escape. In considering the sufficiency of this evidence as a basis of guilt this court explained: "The circumstance, being entirely consistent with defendant's innocence of the burglary for which he was being tried, should have been eliminated from consideration. If the jury had taken into consideration the fact that defendant was also charged with robbery, and was being held for that offense, the conclusion that he attempted to escape to avoid conviction for burglary would as a matter of law have been impossible." 201 P. at 1033.

14. *State v. Erwin*, supra note 3, 120 P.2d at 302.

15. *State v. Hughes*, 14 Wash.App. 186, 540 P.2d 439 (1975).

Court must hold as a matter of law that there is no substantial evidence to support the guilt of the accused.[16] If the only proof presented upon a required element of the crime is circumstantial, it cannot as a matter of law constitute proof beyond reasonable doubt if it is consistent with a reasonable hypothesis of innocence, even though it is also consistent with a reasonable hypothesis of guilt.[17]

Applying this tenet to the facts presented in the present case dictates a conclusion contrary to that reached by the majority. To support a conviction under Section 76–6–408 the prosecution must establish and prove beyond a reasonable doubt the four elements of the crime, viz., (1) property belonging to another has been stolen; (2) the defendant aided in concealing this property; (3) at the time he so aided in concealing it, he knew the item had been stolen; and (4) his purpose in acting was to deprive the owner thereof of possession.

I agree with the majority that the prosecution sustained its burden as to the first three elements of the crime. But, the evidence presented by the prosecution was insufficient as a matter of law to prove the final element.

To be held criminally liable for theft by receiving an individual must act with the explicit purpose to deprive the owner of his rightful possession of property. The legislature has defined the phrase "purpose to deprive" in Section 76–6–401:

. . . To have the conscious object:

(a) to withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost; or

(b) to restore the property only upon payment of a reward or other compensation; or

(c) to dispose of the property under circumstances that make it unlikely that the owner will recover it.

This Court has repeatedly recognized the basic concept that criminal intent is rarely susceptible to direct proof and usually must be inferred from the facts and circumstances of the incident. Yet, this Court has also recognized "It is elementary when a specific intent is required to make an act an offense, that the doing of the act does not raise the presumption that it was done with the specific intent." [18]

The majority contends the incident at Dee's parking lot, the fact the welder was never recovered and the testimony of Benny Cummings concerning the defendant's knowledge of the stolen welder supplies a sufficient basis for the jury to infer the required intent. Applying the circumstantial evidence rule to these facts and circumstances, however, completely eviscerates their probative force.

The fact the welder was never recovered points to a myriad of possible conclusions. This evidence while establishing the loss of the item does not point unerringly to the guilt of the defendant. The fact the welder was not recovered does not alone establish the defendant's intent to deprive the true owner of possession.

16. State v. Burch, 100 Utah 414, 115 P.2d 911 (1941); See also State v. Hughes, supra note 15, 540 P.2d at 441. The Washington Supreme Court explained: "An essential element of a crime may not be proved by circumstantial evidence alone unless this evidence is inconsistent with any reasonable hypothesis of innocence and consistent with a reasonable hypothesis of guilt"; State v. Rincones, 209 Kan. 176, 495 P.2d 1019, 1022 (1972). The Kansas Supreme Court expressed the rule: "Material facts in a criminal case may be established by circumstantial evidence so long as that evidence satisfies the applicable requirements of consistency with guilt and inconsistency with innocence . . ."; Nunn v. People, 177

Colo. 87, 493 P.2d 6, 8 (1972). The Colorado Supreme Court explained: "In Cobianchi v. People, 111 Colo. 298, 141 P.2d 688, it was held that a conviction cannot stand where the People's case was dependent solely upon circumstantial evidence which was consistent with guilt, but also equally consistent with the innocence of the accused."

17. State v. Gosby, 11 Wash.App. 844, 526 P.2d 70 (1974), affirmed 85 Wash.2d 758, 539 P.2d 680 (1975).

18. State v. Whittinghill, 109 Utah 48, 52, 163 P.2d 342, 344 (1945).

The incident at the restaurant, although more complex, is equally unconvincing. The Alder employees testified they recognized the welder located in the back of the white pickup. The employees further testified that upon leaving the restaurant a group of men, of which the defendant was a member, became aware of their presence, and after a short discussion near the defendant's truck and the white pickup one of the men, namely the defendant's son, quickly left the group, jumped into the white truck, spun his tires and drove across a grass area over the curb and onto the main road.

The actions of his son while perhaps constituting sufficient evidence of the son's conscious object to deprive the owners of possession of the welder cannot be transferred in toto to the defendant. Rather, the fact the pickup was in the exclusive possession and control of his son, who was concededly a reckless driver, and the alterations in the appearance of the welder, which obscured its true ownership, vitiates the probative force of this evidence. The defendant undertook no affirmative acts at the restaurant from which his intent could be inferred and his mere presence at the restaurant in conjunction with the welder does not point irresistibly to the conclusion that he had the conscious object to deprive Alder Construction of the possession of its welder.[19]

Lastly, the majority relies on the testimony of Benny Cummings as circumstantial proof of the defendant's intent. Benny Cummings testified, in contradiction to his father's statements, the defendant specifically referred to a "hot-welder" during his discussion with Roy Cummings. Benny Cummings further testified the defendant's son upon requesting a ride to Grand Central, referred to a stolen welder and the fact Sheriff's deputies were chasing him.

Viewed in the light most favorable to the jury verdict the testimony of Benny Cummings may establish the defendant's knowledge of his son's involvement with a stolen welder, but it does not establish the intent required to make that knowledge and the defendant's acts criminal.

The facts and circumstances presented by the prosecution concerning the defendant's request to Roy Cummings and his response to the Deputy Sheriff, even though undertaken in conjunction with the knowledge of his son's involvement with a stolen welder, do not exclude the exculpating inference that the defendant's acts were motivated by his desire to protect his son. As pointed out earlier, no man ought to be convicted of a crime upon mere suspicion or probability and when circumstances alone are employed to provide the basis for a conviction they must do more than merely raise a strong presumption of guilt.

Undoubtedly, the defendant could have been prosecuted under the present facts for the lesser crime of obstructing justice in violation of Section 76–8–306,[20] but the present facts and circumstances are insufficient to support the inference he acted with the specific intent required for theft by receiving.

Although it is not necessary, when circumstantial evidence is used, that each circumstance in itself establishes the guilt of

---

19. Compare *People v. Morton*, 4 Utah 407, 408, 11 P. 512, 513 (1886); There this Court explained: ". . . [I]t would seem impossible to account for the presence of the appellants at that store that night upon any reasonable hypothesis other than they were there to steal." The presence of the defendant at the restaurant in conjunction with the welder is not of the same character as the appellant's presence at the store in *Morton*.

20. 76–8–306. Obstructing justice—(1) A person is guilty of an offense if, with intent to hinder, prevent, or delay the discovery, apprehension, prosecution, conviction or punishment of another for the commission of a crime, he:

(a) knowing an offense has been committed, conceals it from a magistrate, or

(b) Harbors or conceals the offender; or

(c) Provides the offender a weapon, transportation or disguise; or means for avoiding discovery or apprehension . . .

\* \* \* \* \* \*

(2) An offense under this section is a class B misdemeanor unless the actor knows that the offender committed a capital offense or a felony of the first degree, in which case it is a felony of the second degree.

the defendant, the whole chain of circumstances when taken together must produce the requisite proof.[21]  Therefore, this Court must determine upon its review of the evidence whether or not the circumstances when considered together are sufficient to convince the jury beyond a reasonable doubt that the defendant committed the crime.  Before this evidence can support such a conclusion, i. e., guilt beyond a reasonable doubt, it must be inconsistent with any reasonable hypothesis except the guilt of the defendant.  When the alleged offense and the accused's alleged connection therein rests wholly upon circumstances which are reasonably consistent with the innocence of the accused, this Court must hold, as a matter of law, there is not sufficient evidence to support the guilt of the accused.[22]

Viewed in its entirety, the evidence relied upon by the prosecution to establish the requisite intent of the defendant, is insufficient both in quality and quantity to support the verdict of the jury.  The facts and circumstances leave too much to conjecture and speculation and are equally consistent with a hypothesis of innocence as that of guilt and are insufficient, as a matter of law, to sustain a conviction.[23]  Therefore, the present conviction should be reversed.

---

**21.**  *State v. Erwin*, supra note 3, 120 P.2d at 302.

**22.**  Cf. *State v. Burch*, supra note 16, 115 P.2d at 913; see *State v. Laub*, 102 Utah 402, 131 P.2d 805, 808 (1942); In *Laub*, Justice Wolfe explained the basic premise of this notion by stating: ".  .  .  [I]f two hypotheses are pointed out by the evidence and one of them points to defendants' innocence, it would then be difficult to see how any jury could be convinced beyond a reasonable doubt of the defendants' guilt."  See also *State v. John*, supra note 5, at 412.

**23.**  See *State v. Gosby*, supra note 17, 526 P.2d at 73; In *Gosby* the court concluded: "If the only proof concerning the essential element of the crime is circumstantial, it cannot constitute proof beyond a reasonable doubt if it is consistent with a reasonable hypothesis of innocence, even though it is also consistent with a hypothesis of guilt."