**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Paz LOPEZ and Ben F. Dominguez, Defendants-Appellants.**

**Nos. 82–1875, 82–1877.**

United States Court of Appeals, Tenth Circuit.

April 17, 1984.

---

128

Santiago R. Chavez, Taos, N.M., for defendant-appellant Jose Paz Lopez.

Tova Indritz, Federal Public Defender, Albuquerque, N.M., for defendant-appellant Ben F. Dominguez.

Richard J. Smith, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., Albuquerque, N.M., with him on brief), District of New Mexico, for plaintiff-appellee.

Before McWILLIAMS, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

Defendants, Jose Paz Lopez and Benjamin F. Dominguez, appeal their convictions of violating 36 C.F.R. 261.6(a) (1982). Section 261.6(a) * prohibits the "[c]utting or otherwise damaging any timber, tree or other forest product, except as authorized by permit, timber sale contract, Federal law or regulation." 36 C.F.R. § 261.6(a) (1982). The defendants were tried before the district court on an information. They never denied the act of cutting timber without a permit in the Carson National Forest, but rather alleged that the government did not own the land in question. Additionally, defendants claimed that they were the holders of a prescriptive profit a prendre permitting them to cut timber off the land.

Defendants' appeal challenges the sufficiency of the government's proof at trial. They argue that the government failed to prove beyond a reasonable doubt that the land on which the timber cutting occurred was federal land. Brief for Appellants at 17–24. At trial, defendants attempted to prove that the government did not hold valid title to the land on which the cutting occurred. They alleged that the 1914 quiet-title judgment by which title to the land was awarded to a predecessor-in-interest to the United States was obtained by fraud; since the 1914 judgment was so "tainted," the United States does not hold valid title. Therefore, they argue, since the United States lacks valid title to the land, it cannot complain, let alone prosecute the defendants for cutting timber on the land.

Federal ownership of the land is an element of proof in this case. If such ownership is not present, then not only would the government fail in any attempt to prosecute for trespass on the land, but the district court would not have subject matter jurisdiction of the case. *See, e.g., United States v. Martine,* 442 F.2d 1022, 1023

* Title 16 U.S.C. § 551 supplies the statutory basis for this regulation and provides:
§ 551. Protection of national forests; rules and regulations.
The Secretary of Agriculture shall make provisions for the protection against destruction by fire and depredations upon the public forests and national forests which may have been set aside or which may be hereafter set aside under the provisions of section 471 of this title, and which may be continued; and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction; and any violation of the provisions of sections 473 to 478 and 479 to 482 of this title or such rules and regulations shall be punished by a fine of not more than $500 or imprisonment for not more than six months, or both. Any person charged with the violation of such rules and regulations may be tried and sentenced by any United States magistrate specially designated for that purpose by the court by which he was appointed, in the same manner and subject to the same conditions as provided for in section 3401(b) to (e) of Title 18.
16 U.S.C. § 551 (1982).

(10th Cir.1971) (if situs of crime were not within "Indian country" jurisdiction would not exist); *Tooisgah v. United States,* 186 F.2d 93, 99 (10th Cir.1950) (federal jurisdiction over crimes committed in "Indian country").

The district court recognized that proof of ownership by the government was an essential element of its case and that the government was required to prove its ownership of the land beyond a reasonable doubt. Record, vol. 2, at 8, 44–45, and vol. 3, at 8, 132–35. The district court repeatedly reminded the government of its burden. *Id.* The trial court received voluminous testimony by both parties concerning ownership of the land. We have reviewed the evidence in the light most favorable to the verdict, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Petersen,* 611 F.2d 1313, 1316 (10th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980), and find that the record supports the trial court's conclusion that the government proved ownership beyond a reasonable doubt.

Defendants allege as error the trial court's failure to consider their contention that they have a profit to cut timber, which existed prior to the government's purchase. A review of the record supports the fact that the trial court carefully considered the claim of the existence of such profit in deciding whether the government had proved its ownership of the land beyond a reasonable doubt. Record, vol. 4, at 267–70 and vol. 5, at 496–99, 505–06.

Since the only issue before the court was the ownership of the land and we find that the record supports the trial court's conclusion that the government proved ownership beyond a reasonable doubt, we can find no basis in law to overturn its judgment.

AFFIRMED.